UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SEDLAK, #63014-066   CASE NO. 2:13-CV-12948
　　　　　　　　　　　　　　　HONORABLE NANCY G. EDMUNDS
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

　　　　　　　Plaintiff,
vs.

LEWIS HARDY, et. al.,

　　　　　　　Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

　　　Plaintiff is a federal inmate currently confined at the Federal Correctional Institution in Milan, Michigan. On September 20, 2013, this Court signed an order of deficiency, requiring plaintiff to file pay the $ 400.00 filing fee or to file a certified trust account statement in support of his application to proceed *in forma pauperis* within thirty days of the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. For the reasons stated below, the complaint is dismissed without prejudice.

**I. Discussion**

　　　The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of

a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3rd Cir. 2010).

Plaintiff has also failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

Finally, plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency by providing the Court a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

The fact that plaintiff's complaint does not challenge his conditions of confinement does not exempt him from the PLRA's filing fee provisions. Plaintiff is a federal prisoner. Although Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the PLRA, the text of the Act is not limited to such actions. Instead, Congress chose to make this filing fee provision applicable to all "civil action[s]." *See United States v. Jones,* 215 F. 3d 467, 469 (4th Cir. 2000). The phrase "civil action" contained in the PLRA's filing fee provisions is not limited to challenges to the conditions of confinement. *See Lefkowitz v. Citi-Equity Group, Inc.,* 146 F. 3d 609, 612 (8th Cir. 1998). Even motions that are brought under the federal rules of criminal procedure have been deemed "civil actions," for the purpose of invoking the PLRA's filing fee requirements, when the prisoner's motion is, "as a common sense matter," a civil proceeding. *See Pena v. United States,* 122 F. 3d 3, 4 (5th Cir. 1997). If a prisoner proceeding *in forma pauperis* attempts to cloak another civil action, such as an alleged civil rights action, as a petition for writ of habeas corpus or a motion for post-conviction relief, a district court must assess the prisoner the applicable filing fee under the PLRA. *Kincade v. Sparkman*, 117 F. 3d 949, 952 (6th Cir. 1997). "[P]risoners who play games to avoid the PLRA should not expect courts to cooperate." *Moran v. Sondalle,* 218 F. 3d 647, 651 (7th Cir. 2000). Plaintiff's complaint is

3

thus subject to the PLRA's filing fee requirements.

The Court will dismiss the complaint without prejudice for want of prosecution, because of plaintiff's failure to comply with the deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

          s/ Nancy G. Edmunds
          NANCY G. EDMUNDS
          UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 30, 2013, by electronic and/or ordinary mail.

          s/Richard Loury
          Case Manager and Deputy Clerk
          Acting in Absence of Carol A. Hemeyer